IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STACI ADAMCIK,<br>Plaintiff<br><br>vs.<br><br>CREDIT CONTROL SERVICES,<br>INC. DBA CREDIT COLLECTION<br>SERVICES<br>Defendant | § § § § § § § § § § § CIVIL ACTION NO. 1:10-cv-399 |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Staci Adamcik, hereinafter referred to as Plaintiff complaining against Credit Control Services, Inc. dba Credit Collection Services hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Staci Adamick ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Travis, and City of Pflugerville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Credit Control Services, Inc. dba Credit Collection Services ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which

the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Within one (1) year preceding the date of this Complaint, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to Defendants collection agents repeated and excessive phone calls with voluminous calls made within hours of each other to Plaintiffs cell phone.

12. Within one (1) year preceding the date of this Complaint, Defendant repeatedly contacted Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer.

13. With one (1) year preceding the date of this Complaint, Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendants collection agent stating to Plaintiff in late March 2010 that they have no control over how many times [Plaintiff] is called.

14. With one (1) year preceding the date of this Complaint, Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant failing to provide Plaintiff with any writing whatsoever advising her of her right to dispute the alleged debt or any portion thereof and to seek validation of same within the required statutory period.

15. With one (1) year preceding the date of this Complaint, Defendant used false representations or deceptive means to collect a debt or obtain information concerning a consumer, including Defendants collection agent stating to Plaintiff in late March 2010 that they have no control over how many times [Plaintiff] is called. (Tex Fin Code § 392.304(a)(19)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant's aforementioned conduct constitutes violations of 15 U.S.C. § 1692 sections d(5), §1692c(a)(1)(3), e(10) and g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

19. Plaintiff repeats and re-alleges each and every aforementioned allegation.

20. Defendant's aforementioned conduct constitutes violations of Tex. Fin. Code Ann. (TDCPA) sections §392.302(4) and §392.304(a)(19).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA;

b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on June 2nd, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz
