**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **STACI ADAMCIK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:10-CV-00399-SS** |
| | § | |
| **CREDIT CONTROL SERVICES, INC.** | § | |
| **DBA CREDIT COLLECTION SERVICES** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF**
**JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Credit Control Services, Inc., ("Defendant" or "CCS"), which

hereby Responds to Plaintiff's Motion for Entry of Judgment respectfully states as follows:

**I.  TCPA**

**A.      In the Context of Debt Collection Activity, Consent Must be Revoked in Writing**

1.01     Plaintiff argues that the four District Court decisions holding that withdrawal of

express consent must be in writing are incorrect because they are "based on the fundamental

misunderstanding that debt collection calls are altogether exempt from the TCPA." *Pl.'s Mot.* at

2.  However, this is not what the Courts have held, the Courts have reviewed the requirements of

the TCPA in light of the nature of the communications being made, in this case for debt

collection purposes.  Since debt collection activity is governed by a specific federal statute, then

the rules under the FDCPA will be applied to establish the form of the consent revocation

necessary to trigger liability under the TCPA.  There is no suggestion that if the FDCPA applies

then the TCPA is inapplicable, just that certain undefined provisions of the TCPA will be read in

light of the underlying nature of the communication.  Under the four District Court decisions, the TCPA would have applied if consent had been withdrawn in writing.

1.02     As admitted by the Plaintiff, the TCPA does not provide procedures for revoking consent after consent has been given. Thus, Plaintiff cannot look to the language of the TCPA for help in proving that she revoked her consent. Instead, Plaintiff looks to a sentence in an FCC opinion that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary.' "*.  From the last clause in the sentence, Plaintiff suggests that this "instruction" may be given orally in all circumstances.  However, the word "instructions" does not indicate the form in which the "instruction" must be presented.

1.03     Instead, in a Declaratory Ruling, the FCC recognized that "[d]ebt collection calls are regulated primarily by the Federal Trade Commission and are subject to the requirements of the Fair Debt Collection Practices Act..." 23 F.C.C.R. 559 at fn. 9. Therefore, the Court must look to the FDCPA which specifically addresses how a person can terminate collection calls. Section 1692c(c) of the FDCPA, titled "Ceasing Communication," states:

> "If a consumer notifies a debt collector *in writing* that the consumer refuses to pay debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt..."
> [emphasis added].

Four of the five courts looking at this issue have agreed that based on this provision, in order to "revoke" her consent in the context of collection activity, Plaintiff was required to notify CCS that she no longer wanted to be called *in writing*.

1.04     The Plaintiff has successfully argued that the FDCPA applies to this action and that the Defendant should be liable to her for any violation of the obligations placed upon it

pursuant the provisions of that statute.   While the FDCPA contains substantial provisions governing the actions of debt collectors, it also contains provisions, albeit very few, which establish the responsibility of a debtor.   The Plaintiff suggests that she is entitled to all of the benefits of the FDCPA and TCPA, but not subject to any of the obligations of her contained therein.  She cannot have it both ways.

**B.      Plaintiff's Contract Cannot be Amended Orally**

1.05     As the FCC explained at In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07-232, ¶ 12, n. 23 (2007), 23 F.C.C.R. 559, 564:

> "The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call**." *Id.* at 564-65. (Emphasis Added)

1.06    The agreement entered in to evidence in this matter states in Section P. 9.: "Except as provided in Paragraph P. 10., a provision of this Credit Agreement may only modified if jointly agreed in writing signed by both you and me."  The Plaintiff gave Wachovia Bank the authority to contact her on her cell phone by providing the same in the Application and there is no evidence that such an authorization was modified in writing, or even by verbal agreement for that matter.  The Plaintiff suggests that such a express prior written consent can be withdrawn orally, however even if this is true, the oral waiver would have to be on the part of Wachovia because it is a right given to it, not the other way around.  The evidence was that the

Plaintiff never communicated with Wachovia either in writing or verbally, and therefore did not establish waiver or contract modification.

1.07     As such, until the Plaintiff obtained a waiver of the consent to contact her cell phone from Wachovia, or from CCS as its agent, she could not unilaterally and verbally withdraw the consent given by her in the contract.

## II. CONCLUSION

2.01     Plaintiff has failed to prove that she withdrew her consent in writing, or obtained any waiver from Wachovia regarding its contractual right to contact her cell phone.  Plaintiff's TCPA claims should be dismissed.

Respectfully submitted,

SCANLAN, BUCKLE & YOUNG, PC

/s/ David Sander
David C. Sander
Attorney-in-Charge
Texas Bar No. 00788348
602 West 11th Street
Austin, TX  78701
E-mail: dsander@sbylaw.com
Tel: 512/478-4651
Fax:  512/478-7750
Attorneys for Defendant Credit
Control Services, Inc. dba
Credit Collection Services

## CERTIFICATE OF SERVICE

I hereby certify that **Defendant's Response to Plaintiff's Motion for Entry of Judgment** was electronically filed on November 30, 2011, with the Clerk of the Court for the Western District of Texas via the CM/ECF system.  This document was served via the CM/ECF system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Dennis R. Kurz
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, Arizona 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

Noah D. Radbil
Texas Bar No. 24071015
noah.radbil@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street, Sixteenth Floor
Houston, Texas 77002
Telephone: (888) 595-9111
Facsimile: (866) 317-2674


                                                                     /s/David Sander
                                                                    David Sander